## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| VERONICA RUIZ, formerly<br>known as VERONICA JORGE, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civ No. _____ |
| DOÑA ANA COUNTY DETENTION<br>CENTER and BOARD OF COUNTY<br>COMMISSIONERS OF DOÑA ANA<br>COUNTY, | ) ) ) ) ) | |
| Defendants. | ) | JURY DEMANDED |

## <u>CIVIL COMPLAINT FOR DISCRIMINATION</u>

COMES NOW, Plaintiff Veronica Ruiz, by and through her attorney of record, GILPIN &

KEEFE, P.C. (Donald G. Gilpin and Lindsay Van Meter), and makes this civil complaint monetary

damages: as grounds therefore, she states:

## JURISDICTION AND VENUE

1.   This is a civil action brought to remedy discrimination in violation of the Americans with

Disabilities Act (ADA), 42 U.S.C. §§ 12101 et seq. and the New Mexico Human Rights Act,

NMSA 1978, § 28-1-1 through 28-1-14 (1969, as amended through 2007).

2.   Veronica Ruiz, formerly known as Veronica Jorge, is a resident of Doña Ana County, New

Mexico.

3.   Defendant Board of County Commissioners for Doña Ana County is the executive branch

of Doña Ana County.

1

4.     Defendant Doña Ana County Detention Center is an entity of the Doña Ana County government.

5.     All of the actions of which Plaintiff complains took place in Doña Ana County, New Mexico.

6.     This Court has jurisdiction over the parties and the subject matter.

7.     Venue is proper in this Court.

## GENERAL ALLEGATIONS

8.     Plaintiff worked for Defendants in Doña Ana County from March 2005 through August 15, 2008.

9.     Defendants terminated Plaintiff.

10.    Plaintiff was qualified for her position as a booking officer. Plaintiff's position in booking did not require prolonged periods of standing or for Plaintiff to often put weight on her feet.

11.    Plaintiff has a medical condition which affected her ability to put weight on her foot.

12.    Plaintiff had been seeking treatment for her condition and presented medical documentation to her supervisor. One of the documents Plaintiff presented to one of her supervisors was from a cancer treatment center.

13.    Plaintiff does not and did not have cancer, nor did she tell her supervisors that she had cancer. Nonetheless, the supervisor informed another supervisor that Plaintiff indicated she was being treated for cancer.

14.    Plaintiff has chronic anemia.

15.    Plaintiff took leave pursuant to the Family Medical Leave Act.

16.    Plaintiff provided Defendant Doña Ana County Detention Center with a medical release

2

under which she could return to work on April 1, 2008 with a restriction to not put weight on her feet due to foot pain.

17.   Plaintiff's foot pain was a symptom of her chronic anemia.

18.   Defendants refused to return Plaintiff to work in her prior position, for which she would not have had to put weight on her feet.  Instead, Defendant Doña Ana County Detention Center stated that it would return her to work to a position which would require her to put weight on her feet.

19.   Rather than return to work at a position which would require her to put weight on her feet contrary to her medical restrictions, Plaintiff called in sick to work pursuant to Defendants' policies for calling in sick.

20.   Plaintiff remained in contact with Defendant Doña Ana County Detention Center pursuant to Defendants' policies.

21.   Defendants terminated Plaintiff on the ground that Plaintiff had excessive absences and did not report to her supervisor any reason precluding Plaintiff from returning to work.

22.   Defendants' reasons for terminating Plaintiff were pre-textual.  Defendants terminated Plaintiff based on her disability or a perceived disability.

23.   At one point, one of Plaintiff's supervisors told Plaintiff that even though she was ill, she could not call in sick as a booking agent or use FMLA.

24.   Plaintiff has suffered lost wages, lost benefits, and emotional distress as a result of being terminated.

### COUNT I - VIOLATION OF THE ADA

25.   Plaintiff reaffirms and realleges each and every allegation contained in this complaint with

the same force and effect as if set forth herein.

26. Defendants violated the ADA by terminating Plaintiff.

27. Plaintiff is a qualified individual with a disability under the ADA.

28. Plaintiff's disability is chronic anemia, which, for Plaintiff, substantially limits the major life activities of working and standing.

29. As a result of being wrongfully terminated, Plaintiff has suffered lost wages, lost benefits, and emotional distress damages.

**COUNT II - VIOLATION OF THE NEW MEXICO HUMAN RIGHTS ACT**

30. Plaintiff reaffirms and realleges each and every allegation contained in this complaint with the same force and effect as if set forth herein.

31. Plaintiff's anemia is a serious medical condition.

32. Defendants terminated Plaintiff because of her serious medical conditions.

33. Plaintiff was otherwise qualified for the position of Booking Officer.

34. Defendants violated the New Mexico Human Rights Act by terminating Plaintiff.

35. Plaintiff suffered lost wages, benefits, and emotional distress damages as a result of being terminated.

**COUNT III - DISCRIMINATION ON THE BASIS OF A PERCEIVED DISABILITY**

36. Plaintiff reaffirms and realleges each and every allegation contained in this complaint with the same force and effect as if set forth herein.

37. Defendants mistakenly believed that Plaintiff had cancer, and that cancer would make Plaintiff too ill to perform the duties of a booking officer.

38. Based on Defendants' mistaken beliefs, Defendants did not allow Plaintiff to return to the

4

position of booking officer and instead transferred Plaintiff to a position involving the direct supervision of inmates.

39.     Defendants violated the ADA by refusing to reinstate Plaintiff to her position as a booking officer and then terminating Plaintiff on the basis of a perceived disability.

40.     Plaintiff suffered lost wages, benefits, and emotional distress damages as a result of being terminated.

## JURY DEMAND

41.     Plaintiff respectfully demands a trial by jury.

## RELIEF SOUGHT

**WHEREFORE**, Plaintiff respectfully requests this court to enter a judgment:

(A)     Awarding Plaintiff compensatory damages to make her whole, including damages for lost wages, lost benefits, and emotional distress as a result of being wrongfully terminated;

(B)     Awarding Plaintiff the costs for this action including reasonable attorney's fees;

(C)     Granting such other and further relief as this Court deems necessary and proper.

Respectfully submitted,

GILPIN & KEEFE, P.C.

*/s/ LINDSAY VAN METER*
Donald G. Gilpin
Lindsay Van Meter
5100 Indian School Rd. NE
Albuquerque, New Mexico 87110
(505) 244-3861
(505) 254-0044 (facsimile)
ggd48@aol.com

5